# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ROBERT C. HICKS,

          Plaintiff,

      v.

STATE OF CALIFORNIA DEPT. OF INS. INVESTIGATIONS, et al.,

          Defendants.

Case No. CV 08-2714-CJC (JTL)

MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

On November 14, 2008, Robert C. Hicks ("plaintiff"), proceeding pro se and in forma pauperis, filed a "First Amended Opening Complaint" pursuant to 42 U.S.C. Section 1983 ("First Amended Complaint").  Plaintiff's claims arise from his November 23, 2005 arrest and subsequent unsuccessful prosecution for multiply felony counts, including kidnaping.  Plaintiff names the following defendants in his First Amended Complaint: Los Angeles County Metropolitan Transit Authority ("MTA"); Sheila Cowan ("Cowan"); Roy Romero ("Romero"); the State of California Department of Insurance ("Department of Insurance"); Larry Pagenkopp ("Pagenkopp"); Robert Sierra ("Sierra"); Silvia Aubrey ("Aubrey"); the Los Angeles County District Attorney's Office ("District Attorney's Office"); Ephriam Turner ("Turner"); and Theodore Loewen ("Loewen").

///

The Court has screened the First Amended Complaint before ordering service to determine whether the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

The Court's screening of plaintiff's First Amended Complaint under the foregoing statute is governed by the following standards: A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Because plaintiff is appearing pro se, the Court must construe the allegations of the First Amended Complaint liberally and must afford plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

After careful review and consideration of the First Amended Complaint under the relevant standards, and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim upon which relief may be granted and **ORDERS** the **FIRST AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND.**

### ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

On November 23, 2005, plaintiff was arrested and charged with multiple felony counts, including kidnaping.  The case against plaintiff was based on a physical altercation that occurred on November 7, 2002, while plaintiff, who, at the time was employed by the MTA as a bus driver, was driving an MTA bus and was attacked by Umeka Joyce Frazier, a female passenger.  (First Amended Complaint at 7).  Plaintiff sustained injuries from the attack.

Treatment for the injuries was, initially, paid by the MTA's workers compensation benefits program. (First Amended Complaint at 7). Plaintiff was later denied treatment and damages after defendant Cowan, a Senior Claims Examiner, determined that video footage of the November 7, 2002 altercation evinced plaintiff acted improperly and was, therefore, not entitled to benefits. (Id.). Thereafter, plaintiff received a favorable judgement from the Workers Compensation Appeals Board and the Los Angeles Superior Court establishing that plaintiff was not the initial aggressor in the November 7, 2002 altercation with Ms. Frazier. (Id. at 7-8).

Sometime thereafter, plaintiff alleges that defendants conspired to have plaintiff incarcerated to prevent him from prevailing in a related unlawful termination case against defendant MTA. (Id. at 8). Plaintiff alleges that defendants pursued a lawsuit against him without probable case, and did so in retaliation for plaintiff's inadvertent exposure of the MTA's illegal employment practices with regard to sick leave and overtime pay. (Id. at 8-9). As a result of this conspiracy, plaintiff was arrested on November 23, 2005. All charges against plaintiff were dismissed on April 24, 2007.

In addition to the claim for conspiracy, plaintiff brings a claim for abuse of process against all defendants alleging that they knew the criminal charges against plaintiff were baseless. (Id. at 10-12). Plaintiff alleges defendant Cowan "willfully lied" that plaintiff was guilty of workers compensation fraud; defendant Romero perjured himself while testifying that the surveillance video of the November 7, 2002 altercation between plaintiff and Ms. Frazier was not tampered with; defendant Turner knew there was no probable cause for plaintiff's arrest and, nevertheless, applied for and obtained a warrant for plaintiff's arrest; defendant Loewen hid evidence that the surveillance video had been tampered with; and all defendants improperly used criminal court proceedings as a method of defeating plaintiff's pending termination case against the MTA and intimidated plaintiff for the 17 months that the criminal charges were pending against him. (Id. at 11-12).

Plaintiff brings a claim for malicious prosecution against defendants MTA, Cowan and Romero, alleging that they had knowledge of the two rulings establishing that plaintiff was not the initial aggressor in the November 7, 2002 altercation with Ms. Frazier before they filed a

criminal case against plaintiff, and that they were aware that there was no probable cause for the criminal charges.  (First Amended Complaint at 9-10).  Plaintiff also brings a claim for intentional infliction of emotional distress against all defendants.  (Id. at 12).

## DISCUSSION

I.    **PLAINTIFF'S CLAIMS AGAINST THE MTA, DEPARTMENT OF INSURANCE AND THE DISTRICT ATTORNEY'S OFFICE MUST BE DISMISSED**

"Municipalities and other local government units . . . [are] among those persons to whom § 1983 applies."  Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978).  A local government entity such as the MTA, Department of Insurance or the District Attorney's Office, however, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell, 436 U.S. at 694.  Thus, the MTA, Department of Insurance, and the District Attorney's Office may not be held liable for the acts of their employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or unless the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the decision-making channels."  Id. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Here, plaintiff seeks to hold the MTA, Department of Insurance, and the District Attorney's Office liable for infringing on his civil rights based on their participation in an alleged conspiracy to bring false criminal charges against plaintiff in retaliation for plaintiff's inadvertent exposure of the MTA's illegal employment practices.  While plaintiff alleges that the individual defendants were all acting within the scope of their employment with the MTA, the Department of Insurance, and District Attorney's Office, respectively, under Monell, that is not enough.  See Monell, 436 U.S. at 694.  Monell requires that the alleged unconstitutional act resulted from the

implementation or execution of an official policy, ordinance, regulation or decision, or a governmental custom.  Plaintiff has failed to identify any specific policy, ordinance, regulation, custom, or officially adopted or promulgated decision, the execution of which allegedly caused him harm.  Accordingly, the allegations of the First Amended Complaint are insufficient to state a claim upon which relief can be granted against the MTA, the Department of Insurance, and District Attorney's Office.  Thus, plaintiff's claims against the MTA, the Department of Insurance and District Attorney's Office must be dismissed.[1]

## II.   PLAINTIFF FAILS TO STATE A MALICIOUS PROSECUTION CLAIM

Malicious prosecution with the intent to deprive a person of equal protection of the law or otherwise to subject a person to a denial of constitutional rights is cognizable under Section 1983.  Poppell v. City of San Diego, 149 F.3d 951, 961 (9th Cir. 1998); see Awabdy v. City of Adelanto, 368 F.3d 1062, 1069 (9th Cir. 2004).  However, malicious prosecution claims under Section 1983 operate on the presumption that the prosecutor exercised independent judgment regarding probable cause.  See Newman v. County of Orange, 457 F.3d 991, 993-96 (9th Cir. 2006).  A malicious prosecution claim requires the plaintiff prove that the defendant prosecuted him or her with malice and without probable cause, and that the defendant did so for the purpose of denying the plaintiff equal protection or another specific constitutional right.  See Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc); see also Poppell, 149 F.3d at 961.

Here, plaintiff alleges a malicious prosecution claim against defendants MTA, Cowan, and Romero.  With regard to Cowan, plaintiff alleges that Cowan determined that video footage of the November 7, 2002 altercation evinced plaintiff acted improperly and was, therefore, not entitled to benefits.  (First Amended Complaint at 7).  Plaintiff also alleges Cowan "willfully lied"

---

[1] In his third claim for relief, plaintiff alleges a claim for "Public Entity Liability Acts or Omissions of Employees" against defendants Cowan and Romero.  (First Amended Complaint at 12).  In this claim, plaintiff argues that a public entity, here, presumably the MTA, is "liable for injury proximately caused by an act or omission of the public entity's employee within the scope of his or her employment."  (Id.).  As discussed above, however, under Section 1983, a local government unit may not be sued for an injury inflicted solely by its employees or agents.  See Monell, 436 U.S. at 694.  Accordingly, plaintiff allegations fail to state a claim against the MTA.

that plaintiff was guilty of workers compensation fraud.  (First Amended Complaint at 10, 13).  With regard to defendant Romero, plaintiff alleges he "willfully committed perjury" when he testified that the video footage of the November 7, 2002 altercation was not tampered with.  (Id. at 11, 13).  These allegations, however, are insufficient to allege a malicious prosecution claim.  Plaintiff does not allege facts that support a claim that any of the defendants initiated the criminal prosecution with the intent of depriving plaintiff of a constitutional right.  See Blankenhorn v. City of Orange, 485 F.3d 463, 482 (9th Cir. 2007).

## III.   **PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY**

"To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989); see Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir.2004).  Conclusory allegations of conspiracy are not enough to support a Section 1983 conspiracy claim.  Burns, 883 F.2d at 821; see Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir.1997) ("In order to survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive them of their constitutional rights must 'include in their complaint nonconclusory allegations containing evidence of unlawful intent or face dismissal....'").  A plaintiff can meet this standard by alleging which defendants conspired, how they conspired, and how the conspiracy led to a deprivation of constitutional rights.  Harris, 126 F.3d at 1195 (9th Cir. 1997).

Here, plaintiff has not alleged facts sufficient to meet the heightened pleading standard.  While plaintiff alleges that defendants actions were "designed to embarrass, hinder and damage" plaintiff, that he has suffered "harm to his reputation, humiliation, embarrassment, mental anguish and distress" and incurred "attorney fees and lost wages" as a result of the conspiracy, plaintiff fails to allege specific facts about how defendants conspired and how the conspiracy led to the deprivation of a constitutional right.  Because plaintiff does not allege specific facts to support a claim of conspiracy, plaintiff's conspiracy claim must be dismissed.

///

///

1    **IV.    PLAINTIFF FAILS TO STATE A SECTION 1983 CLAIM AGAINST PAGENKOPP,**

2         **SIERRA AND AUBREY**

3         A person "subjects" another to the deprivation of a constitutional right within the meaning

4    of Section 1983 if he or she "does an affirmative act, participates in another's affirmative acts,

5    or omits to perform an act which he [or she] is legally required to do" that causes the

6    complained-of deprivation. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978); <u>see</u> <u>also Taylor</u>

7    <u>v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (Section 1983 liability requires personal participation

8    in deprivation).   Here, plaintiff alleges claims for Abuse of Process, Intentional Infliction of

9    Emotional Distress and Conspiracy against Pagenkopp, Sierra and Aubrey, who were all

10   employees of the Department of Insurance.  Plaintiff, however, does not allege that Pagenkopp,

11   Sierra or Aubrey participated in, or omitted to perform an act which he or she was required to

12   do that resulted in any harm to plaintiff.   Moreover, individual liability cannot be premised on

13   respondeat superior.   <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir.2002) ("In order for a

14   person acting under color of state law to be liable under section 1983 there must be a showing

15   of personal participation in the alleged rights deprivation: there is no respondeat superior liability

16   under section 1983 .").  Plaintiff has, therefore, failed to state a claim against Pagenkopp, Sierra

17   and Aubrey under Section 1983.

18                                    ********************

19        Because the First Amended Complaint fails to state a claim against any defendant, the

20   First Amended Complaint, therefore, is **DISMISSED WITH LEAVE TO AMEND**.

21        The Court will, however, afford plaintiff one more opportunity to cure the deficiencies of

22   the complaint by amendment.  <u>See</u> <u>Noll</u>, 809 F.2d at 1448.  If plaintiff desires to pursue this

23   action, plaintiff is **ORDERED** to file a Second Amended Complaint within thirty (30) days of the

24   date of this Order, remedying the deficiencies discussed above.[2]  If plaintiff chooses to file a

25   _____

26        [2]   The Court also notes that plaintiff's claims against Turner and Loewen may be barred by
     prosecutorial immunity.  Parties to section 1983 suits are generally entitled to immunities that existed

27   at common law.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 417-18 (1976).  State actors are granted
     absolute immunity for those functions that were critical to the judicial phase of the criminal process.

28   <u>Genzler v. Longanbach</u>, 410 F.3d 630, 636-68 (9th Cir. 2005).  However, an action could still be

Second Amended Complaint, it should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment or document.  The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form, which plaintiff will need to completely fill out and resubmit.

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

DATED: January 5, 2009

                                                                                    /s/
                                                                        JENNIFER T. LUM
                                                                        UNITED STATES MAGISTRATE JUDGE

---

brought against a prosecutor for conduct taken in an investigatory capacity, to which absolute immunity does not extend.  See Buckley v. Fitzsimmons, 509 U.S. 259, 274-276 (1993) (no absolute immunity when prosecutor acts in administrative capacity); Burns v. Reed, 500 U.S. 478, 492-495 (1991) (absolute immunity does not attach when a prosecutor offers legal advice to the police regarding interrogation practices); see also Hartman v. Moore, 547 U.S. 250, 261-62 (U.S. 2006).  At this early stage in the pleadings, it is unclear whether plaintiff's claims against Turner and Loewen are barred by prosecutorial immunity.